UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR - 2 2010

**Clerk, U.S. District and Bankruptcy Courts**

Eric Rodney Hill,               )
                                )
              Petitioner,       )
                                )
       v.                       )          Civil Action No.  **10 0329**
                                )
Scott A. Middlebrooks,          )
                                )
              Respondent.       )

MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on the petition for a writ of *habeas corpus,* accompanied by an application to proceed *in forma pauperis.* The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the United States Penitentiary in Coleman, Florida. He challenges a judgment of conviction entered by the Superior Court of the District of Columbia, claiming that he was denied a fair trial. Petitioner has brought this same action multiple times and each case has been dismissed on the ground that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110. *See Hill v. Middlebrooks,* Civ. Action Nos. 08-1682, 08-2148, 09-143, 09-550. For the reasons stated in those cases, the Court finds again that it lacks jurisdiction and will dismiss this case with prejudice.[1] A separate Order of dismissal accompanies this Memorandum Opinion.

Date: February *19*, 2010                    United States District Judge

---

[1] Petitioner has also filed civil complaints based on the same facts supporting his habeas petitions, which were dismissed because he cannot recover monetary damages without first invalidating his conviction via a habeas writ or some other official action. *See Hill v. Superior Court of the District of Columbia,* Civ. Action No. 08-563 (D.D.C., Mar. 31, 2008) (applying *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Hill v. District of Columbia,* Civ. Action No. 08-2241 (D.D.C., Dec. 30, 2008) (same). Petitioner is warned that his persistence in refiling the same action could result in a finding that he has abused the writ and an injunction limiting his ability to file new civil actions, including petitions for a writ of *habeas corpus.*